RECEIVED
WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/6/08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DANNY KIRK | : | CIVIL ACTION NO. 2:06-CV-1528 |
| VERSUS | : | JUDGE TRIMBLE |
| GULF COAST BUILDING SUPPLY, HOME STATE COUNTY MUTUAL INSURANCE COMPANY AND STEVEN FRANK CORONADO | : | MAGISTRATE KAY |

## MEMORANDUM RULING

Before the Court are two motions, (1) a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" (doc. #40) filed by defendant, Universal Underwriters Insurance Company of Texas ("UUT"), and (2) a "Motion for Summary Judgment on Behalf of Universal Underwriters Insurance Company of Texas" (doc. #41) filed by UUT. In the first motion, UUT maintains that (1) plaintiff, Danny Kirk has no standing to bring this suit against UUT, (2) he has failed to state a valid cause of action under which relief can be granted, and (3) there is no coverage under the UUT Policy for the claims made by Mr. Kirk in this matter. In the second motion, UUT maintains that (1) the UUT Policy precludes all claims made by the parties against UUT, (2) Gulf Coast Building Supply ("Gulf Coast") assumes liability for damages in excess of its primary insurance by way of an indemnification clause, and (3) Gulf Coast lacks standing to bring a direct action against UUT. For the reasons set forth below, the Court will grant UUT's motions for summary judgment because the UUT policy does not cover the claims asserted in this lawsuit.

## FACTUAL STATEMENT

On November 7, 2005, Steve Frank Coronado was operating a 1998 International tractor trailer in the course and scope of his employment with Gulf Coast when he was involved in an

accident with plaintiff, Danny Kirk. At the time of the accident, Mr. Kirk was transporting a customer from his employer's place of employment, Gray Nissan Ford Sales & Service, to her home. Mr. Coronada was not able to bring his tractor trailer to a stop which caused it to strike multiple vehicles including the van Mr. Kirk was driving. The collision caused Mr. Kirk to be thrown from his vehicle causing serious injury.

The tractor trailer Mr. Coronado was operating was owned by Olympic International Trucks, Inc. d/b/a Olympic Idealease ("Olympic"). Olympic leased the tractor trailer to Gulf Coast pursuant to a lease agreement dated March 29, 1993. The lease agreement obligated Gulf Coast to maintain liability insurance on the tractor trailer. Gulf Coast was issued a policy of insurance by Home State County Mutual Insurance Company ("Home State"). At the time of the motor vehicle accident UUT had issued an insurance policy to Olympic.

Plaintiff filed suit against Mr. Coronado, Gulf Coast and Home State for his injuries. These defendants subsequently filed a third party demand against UUT alleging that its policy afforded excess coverage over and above the insurance procured by Gulf Coast through Home State. Plaintiff then filed a first supplemental and amending complaint naming UUT as a defendant and alleging that the UUT policy provided excess coverage.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or

---

[1] Fed. R.Civ. P. 56(c).

2

nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Plaintiff maintains that the UUT policy of insurance provides excess coverage. UUT maintains that the policy of insurance does not provide excess coverage as claimed by Plaintiff.

UUT maintains that the UUT policy of insurance is governed by Texas law citing Louisiana

---

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[3] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[4] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[5] *Anderson*, 477 U.S. at 249.

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[8] *Anderson*, 477 U.S. at 249-50.

Civil Code article 3537,[9] and remarks that the same result would follow from the application of Louisiana law. UUT argues that the policy of insurance was issued in Texas and the insured is domiciled in Texas, thus Texas substantive law applies. The Court agrees.

Under Texas law, insurance policies are contracts and interpreted using the same principles that apply when interpreting ordinary contracts.[10] The policy must be read as a whole to determine the intent of the contracting parties.[11] Words in a policy are given their common and ordinary meaning unless specifically defined by the policy.[12] The plain language of the policy must be given effect whenever the parties' intent can be determined from the plain language.[13]

UUT argues that Endorsement 609 excludes coverage and should be enforced as written. Page 5 of the Endorsement imposes the following conditions:

    A.    This insurance will apply only if:

---

[9] Art. 3537 provides the following:
    Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
    That state is determined by evaluating the strength and pertinence of the relevant polices of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, or promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

[10] *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex.1997).

[11] *Id.*

[12] *Trinity Univ. Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex.1997); *DaimlerChrysler Ins. Co. v. Jack Apple, Jr.*, 2007 WL 3105899 (Tex.App. Houston (1 Dist.) 10/25/2007).

[13] *Id.*

> 1. The lessee or rentee has furnished you with a certificate of insurance, a copy of the policy or a copy of the indorsement:
>
> . . .
>
> 2. At the time of the accident, the insurance required by the lease or rental agreement is not collectable.

The lease agreement required Gulf Coast to maintain insurance of at least $750,000.00. Plaintiff concedes that Gulf Coast procured $1,000,000.00 in coverage from Home State.[14] Plaintiff argues that Home State's policy coverage was not collectible in the sense that the $1,000,000.00 policy was not enough to cover all of Plaintiff's injuries. Plaintiff suggests that the phrase "is not collectable" means that the UUT policy provides coverage for the amount of liability in excess of Home State's $1,000,000.00 primary coverage. Plaintiff argues that the term "collectable" is not a word and is not self-defining. Plaintiff also takes issue with the fact that the term "collectable" is not defined in the policy itself. Thus, Plaintiff argues that the UUT policy should be interpreted to provide coverage in excess of the Home State policy.

When a term is not defined within the agreement, it shall be given its plain, ordinary and generally accepted meaning.[15] UUT provides the Court with the Merriam-Webster Dictionary definition of "collectable" as being "capable of being collected." Plaintiff has not alleged that Gulf Coast's insurer, Home State, is unable to make payment. Plaintiff's sole argument is that the policy should be interpreted to provide insurance because his injuries were in excess of Home State's liability limits. Neither Gulf Coast nor Plaintiff were made additional insureds of the UUT policy. The lease agreement did not obligate Olympic to provide excess insurance. The UUT policy does not provide that it is an excess coverage policy, and this Court will not interpret the plain language

---

[14] Opposition memorandum, p. 4.

[15] *DaimlerChrysler Ins. Co., supra.*

5

of "is not collectable" to mean in excess of the primary insurer's coverage. The phrase "is not collectable" simply means one cannot collect payment from the insurer. It is undisputed that Plaintiff can collect at least the $1,000,000.00 Home State policy limits. Accordingly, the Court finds that the UUT policy does not provide coverage for the claims made against UUT in this lawsuit.

Because the Court has decided that the UUT policy does not provide coverage for Plaintiff's claims, it is unnecessary for the Court to further decide the remaining issues raised by defendant, UUT.

## CONCLUSION

Based on the foregoing, the motions for summary judgment filed by UUT will be granted dismissing with prejudice all claims against UUT.

THUS DONE AND SIGNED in Lake Charles, Louisiana on this 6th day of March, 2008.

JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE